No. 459

LARKINS et v. ROUTSON et

No. 19795. Supreme Court

On motion to certify. Dock. Apr. 27, 1926.

**389. DESCENT AND DISTRIBUTION—** What is the meaning of the term "legal representatives" within purview of 8574 and 8577 GC.?

Alfred Larkins and forty-six others, brought this action originally in the Hancock Common Pleas for a partition of certain real estate in which they claimed to have an interest against John J. Routson and ten others. The trial court decreed partition as prayed for, which decree was modified by the Appeals.

It appears that John Larkins died intestate without issue leaving Sorena Larkins a son, his only heir. Prior to his death he and his son Sorena took title jointly to the land in question. Later Sorena Larkins died intestate without issue leaving no brothers or sisters, but leaving his widow, Mary Larkins. Subsequently Mary Larkins married John J. Routson and subsequently died without issue leaving Routson and several brothers and sisters of John Larkins and the next of kin of the deceased brothers and sisters of Sorena Larkins.

The question arises as to whether or not the term "legal representatives above referred to means "heirs at law" or executors and administrators.

The Common Pleas Court held the term to mean "heirs at law" and the Appeals construed it to mean administrators and executors. The plaintiffs herein contend that the term "legal representatives" within the purview of the statute means "heirs at law", their contention being based upon the definition found in Webster's International Dictionary and the New Standard Dictionary and the alleged intent of the legislature.

**Attorneys—**M. G. Foster and John Sheridan for Pltfs.; Dunn & Dunn, A. G. Fuller and G. H. Phelps for Defts.; all of Findlay.

---

No. 460

LINN v. EDGAR SUGAR HOUSE et

No. 19781. Supreme Court

On motion to certify. Dock. Apr. 19, 1926.

**785. MONOPOLIES—Under** what circumstances may a party damaged by an unlawful trust recover double damages for the loss under 6397 GC.?

A. R. Linn brought this suit originally in the Cuyahoga Common Pleas against Edgar Sugar House, The Continental Sugar Company et al, for double the amount of damage claimed as a result of the formation of an unlawful combination known as a trust.

The judgment of the Common Pleas in sustaining a demurrer to the petition was affirmed by the Appeals.

Linn, in the Supreme Court, contends that within the purview of 6397 KC. he is entitled to double the amount of damage sustained by the trust formed by the defendants herein.

**Attorneys—**Turney & Sipe, Cleveland, for Linn.

No. 461

PUBLIC SERVICE CO. v. HARDEN

No. 19760. Supreme Court

On motion to certify. Dock. Apr. 10, 1926.

**313. CORPORATIONS—Where** a citizen of New Jersey, a stockholder in a Delaware corporation is not qualified to do business in Ohio, brings action in an Ohio court against a Maine corporation doing business in Ohio, and which holds a majority of the stock of the Delaware corporation, the Delaware corporation being made a nominal party defendant, may service be obtained on the Delaware corporation by serving the president of the Maine Corporation?

Reeve Harden, a stockholder in Eastern States Public Service Company, a Delaware corporation which has never done business in Ohio, brought this suit originally in Franklin Common Pleas against the Eastern States Public Service Company and The National Utilities Company a Maine Corporation, which is qualified to do business in Ohio and maintains an office in Columbus. The purpose of the suit is to compel an accounting by the Maine Corporation which holds a majority of the stock of the Delaware Corporation on the ground that the National Utilities Company and John C. Martin, its president have caused a mismanagement of Eastern States Public Service Company.

Service upon the Delaware Corporation was obtained by serving summons on John C. Martin, managing agent.

The petition set forth that National Utilities Company owned and controlled a majority of the stock in Eastern States Public Service Company, and that John C. Martin was president of National Utilities Company and a director in Eastern States Public Service Company and "by virtue of his control of the National Utilities Company dominated, managed and controlled the business and affairs of its subsidiaries, the Eastern States Public Service Company" and others.

The Common Pleas overruled a motion to quash the service, holding that the determinative question was "whether or not the National Utilities Co. exercised such control over the Eastern States Public Service Co., as would in law make the former amenable for the conduct of the latter.

The Appeals dismissed the petition in error "because this proceeding in error is prosecuted from an order of the Court of Common Pleas of Franklin County, Ohio, which is not a final order".

The Public Service Co., in the Supreme Court contends:

1. The Appeals has jurisdiction to reverse the order because the essence of what is done by the decree and not what it may be called determines whether or not it is final.

2. That service of summons on Martin did not give the Ohio Court jurisdiction over the Service Co.

**Attorneys—**Vorys, Sater, Seymour & Peos for Service Co.; Arnold, Wright & Harlor for Harden; all of Columbus.